UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JAMES STEPHEN SAUTER and PIPER SAUTER, Individually and As Natural Guardians of M.S., a Minor, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 4:12-cv-27-TWP-WGH |
| PERFECT NORTH SLOPES, INC., ANDREW BROADDUS, STEPHANIE DANIEL, CHRISTOPHER DANIEL, JENNY WARR, and ANTHONY WARR, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR LEAVE TO ASSERT CROSSCLAIM**

This matter is before the court on the Motion of Defendants Stephanie Daniel, Christopher Daniel, Jenny Warr, and Anthony Warr for Leave to Assert Crossclaim for Indemnification/Contribution Against Defendant Perfect North Slopes, Inc., filed May 22, 2012. (Docket No. 47). Defendant Perfect North Slopes filed an Objection to the motion on June 1, 2012 (Docket No. 49), and the individual Defendants filed their Reply Memorandum on June 11, 2012 (Docket No. 52).

**Discussion**

Stephanie Daniel, Christopher Daniel, Jenny Warr, and Anthony Warr ("the Moving Defendants") filed this motion seeking to add a crossclaim against

Defendant Perfect North Slopes, Inc. ("PNS"). Federal Rule of Civil Procedure 13(g) provides that "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). However, "once the parties have filed their initial pleadings, any motion to amend those pleadings and file a cross-claim must be made pursuant to Federal Rule of Civil Procedure 15." *Tragarz v. Keene Corp.*, 980 F.2d 411, 431 (7th Cir. 1992).

Rule 15(a) of the Federal Rules of Civil Procedure permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave should be freely given when justice requires. Fed. R. Civ. P. 15. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002).

In this instance, the requested crossclaim would be futile because Indiana law does not recognize indemnification under the facts of the present case. Indiana law bars contribution or indemnification among joint tortfeasors absent an express contract. *McClish v. Niagara Mach. and Tool Works*, 266

F.Supp. 987, 989 (S.D. Ind. 1967). As an exception, the right to indemnify may be implied at common law in favor of one whose liability to a third person is solely derivative or constructive, and only as against one who has by his wrongful act caused such derivative or constructive liability to be imposed upon the indemnitee. *Indianapolis Power & Light Co. v. Brad Snodgrass, Inc.*, 578 N.E.2d 669, 671 (Ind. 1991). Further, Indiana courts have recognized only three situations where derivative or constructive liability exists; namely, respondeat superior, manufacturer/seller relationships, and situations where a nondelegable duty was created through rule or statute. *McClish*, 266 F.Supp. at 989-90.

Here, Plaintiffs allege that both the Moving Defendants and PNS failed to exercise ordinary and reasonable care in the operation of the snowtubes, and also that PNS was negligent in the management of the snowtube trail. Consequently, Plaintiff's allegations in this case indicate that PNS and the Moving Defendants were joint tortfeasors. Nothing in the record suggests that the negligence of the Moving Defendants is derivative or constructive with respect to the negligence of PNS, or that any of the three situations outlined in *McClish* exists in this case. Additionally, the record does not reflect that there was any contractual indemnification. Since the present case does not give rise to a situation where contribution or indemnification exists, the requested crossclaim would be futile. Because adding the crossclaim would be futile, the Moving Defendants' motion seeking to add a crossclaim should be denied.

## Conclusion

For the reasons outlined above, Defendants Stephanie Daniel, Christopher Daniel, Jenny Warr, and Anthony Warr's Motion for Leave to Assert Crossclaim Against Defendant Perfect North Slopes, Inc., is **DENIED.**

**IT IS SO ORDERED** the 11th day of July, 2012.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Curtis L. Cornett
CORS & BASSETT, LLC
clc@corsbassett.com

K. Lee Cotner
COTNER LAW OFFICE
thecotners@msn.com

Paul M. De Marco
WHITE SCHNEIDER BAYLESS & CHESLEY
demarcoworld@yahoo.com

Thomas F. Glassman
SMITH, ROLFES & SKAVDAHL CO., LPA
tglassman@smithrolfes.com

Wilmer E. Goering II
ALCORN GOERING & SAGE, LLP
goering@agslawyers.com

Michael C. Peek
CHRISTOPHER & TAYLOR
mickpeek@abatelegal.com

Louise M Roselle
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO. LPA
louiseroselle@wsbclaw.com

John Patrick Schomaker
SMITH ROLFES & SKAVDAHL CO, L.P.A.
pschomaker@smithrolfes.com