UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JAMES STEPHEN SAUTER, <br> PIPER SAUTER, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | No. 4:12-cv-00027-TWP-WGH |
| PERFECT NORTH SLOPES, INC., | ) <br> ) | |
| Defendant. | ) | |

**ENTRY DENYING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**

This matter is before the Court on Defendant Perfect North Slopes, Inc.'s ("Perfect North Slopes") Motion for Court to Certify Entry for Interlocutory Appeal and Stay Proceedings Pending Appeal (Dkt. 155). For the reasons set forth below, the motion is **DENIED**.

**I. BACKGROUND**

The Court provided a detailed history of the facts in its Entry on Summary Judgment (Dkt. 153), so only a brief recitation is necessary here. On November 30, 2011, Plaintiffs James Stephen Sauter ("Mr. Sauter") and Piper Sauter ("Ms. Sauter") (collectively, "the Sauters") took their children snow tubing at Perfect North Slopes. In order for the children (at the time ages 8, 8, and 6) to take part in the tubing activity, Mrs. Sauter signed a Snow Tubing Release of Liability ("the release"). While tubing, one of the children, M.S. (age 8) was severely injured. The Sauters filed a Complaint alleging Perfect North Slopes was negligent and Perfect North filed a Motion for Summary Judgment based on the release form signed by Mrs. Sauter as parent of M.S. The Court entered its summary judgment ruling for the Sauters on January 3, 2014. The Court found that the release used by Perfect North Slopes intended to waive legal claims on

1

behalf of minors was patently ambiguous. Therefore, the Sauters' claims could move forward on liability. On January 13, 2014, Perfect North Slopes sought certification for an interlocutory appeal of the summary judgment ruling. The Sauters contest Perfect North Slopes' motion.

## II. LEGAL STANDARD

Interlocutory appeals are governed by 28 U.S.C. § 1292(b). Under section 1292(b), a district court may certify an interlocutory order for immediate appeal whenever the order: (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. In other words, to grant a petition, "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trust. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2002) (emphasis in original). Importantly, each criterion must be met.

## III. DISCUSSION

Perfect North Slopes contends that the section 1292(b) factors are satisfied in this case, but the Court is not persuaded. First, there must be a pure question of controlling law. The Seventh Circuit has defined this as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id*. at 676. Further, "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either." *Id*. Perfect North Slopes relies on the Seventh Circuit's continued discussion in *Ahrenholz* as supporting its position that when interpreting a contract does not involve "hunting through the record" or a "long, detailed, and obscure contract," *id*. at 677, that the interpretation of a contract would be appropriate on interlocutory appeal. Yet Perfect North Slopes fails to cite any law for

2

this so-called "exception." Instead, district courts faced with contract interpretation issues for interlocutory appeals, routinely deny such petitions. *See, e.g., United States ex rel. Chilcott v. KBR, Inc.*, No. 4:09-cv-4018, 2013 WL 6797391, at *2 (C.D. Ill. Dec. 23, 2013); *Whitmore v. Symons Int'l Grp., Inc.*, No. 1:09-cv-391-RLY-TAB, 2012 WL 3308990, at *1 (S.D. Ind. Aug. 13, 2012); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC*, No. 1:04-CV-477-TLS, 2012 WL 589292, at *2 (N.D. Ind. Feb. 21, 2012). In the absence of any Seventh Circuit or district court authority supporting Perfect North Slopes' interpretation of *Ahrenholz*, the Court declines to create this exception and apply it in this case.

Second, the issue of contract interpretation is not itself controlling and would not promote the ultimate dissolution of the case. The Court was presented with two issues: (1) whether Indiana public policy allowed the type of release at issue; and (2) whether the release was ambiguous. The Court found that the release was ambiguous, and thus declined to decide the public policy question presented by the Sauters. If, however, the contract was found to be unambiguous, the public policy question must be addressed. Perfect North Slopes argues that the Seventh Circuit on appeal is able to review the entirety of the Court's decision and could choose to decide the public policy issue in Perfect North Slopes' favor, thus ending the case. The Court is unpersuaded that this speculation is enough to make this issue appropriate for interlocutory review; the Court will not certify an issue that then presents a new issue for the Seventh Circuit to decide without having first been decided below. This is not the type of case well-suited for an interlocutory appeal.

Third, the Court recognizes that there could be substantial grounds for a difference in opinion in the interpretation of the release at issue. However, the section 1292(b) criteria are "conjunctive, not disjunctive," *Ahrenholz*, 219 F.3d at 676; thus, this is not enough to create a

certifiable issue for interlocutory appeal. Therefore, Perfect North Slopes' motion must be **DENIED**.

## IV. **CONCLUSION**

Accordingly, Perfect North Slopes' Motion for Court to Certify Entry for Interlocutory Appeal and Stay Proceedings Pending Appeal (Dkt. 155) is **DENIED**.

SO ORDERED.

Date: 05/05/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Wilmer E. Goering, II
ALCORN GOERING & SAGE, LLP
goering@agslawyers.com

Michael C. Peek
CHRISTOPHER & TAYLOR
mickpeek@abatelegal.com

Curtis L. Cornett
CORS & BASSETT, LLC
clc@corsbassett.com

K. Lee Cotner
COTNER LAW OFFICE
thecotners@msn.com

Louise M Roselle
MARKOVITS, STOCK & DEMARCO, LLC
lroselle@msdlegal.com

Paul M. De Marco
MARKOVITS, STOCK & DEMARCO, LLC
demarcoworld@yahoo.com

Steven P. Langdon
MCNEELY STEPHENSON THOPY & HARROLD -NA
splangdon@msth.com

David Scott Strite
O'BRYAN BROWN & TONER PLLC
strited@obtlaw.com

John Patrick Schomaker
SMITH ROLFES & SKAVDAHL CO, L.P.A.
pschomaker@smithrolfes.com

Jeremiah Robert Seebohm
SMITH ROLFES & SKAVDAHL COMPANY LPA
jseebohm@gmail.com